NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SBW, INC., | Civil Action No. 07-4199 (MLC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| ERNEST BOCK & SONS, INC., et al., | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon the motion of Defendants Ernest Bock & Sons, Inc. and Thomas E. Bock (collectively, "EBS") for summary judgment. [Docket Entry No. 47]. Plaintiff SBW, Inc. ("SBW") opposes EBS's motion. The Court has fully reviewed and considered all of the papers submitted in support of an in opposition to EBS's motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, EBS's motion for summary judgment is DENIED.

**I.      Background**

In December 2005, EBS was hired as a general contractor to complete certain construction projects at the Kenneth R. Olson Middle School and Tabernacle Elementary School in Tabernacle, New Jersey (collectively, the "Tabernacle Projects"). (SBW Compl. at ¶ 10). SBW was a subcontractor for EBS on these projects. (EBS Br. at ¶ 5; SBW Opp'n Br. at 3). The dispute between SBW and EBS arises out of their work on the Tabernacle Projects. Namely, SBW claims that EBS failed to pay it for completed and approved work on the Tabernacle Projects.

The instant motion addresses whether, based on the principles of *res judicata*, SBW's claims in this litigation are barred by certain judgments entered in two state court matters. These matters and the relevant time-line of events are described briefly below.

A.     **The Burlington Matter**

On June 26, 2007, Trane, a Division of American Standard, Inc. ("Trane"), and a subcontractor of SBW on the aforementioned Tabernacle Projects, filed a lawsuit against both SBW and EBS in New Jersey Superior Court, Burlington County (the "Burlington Matter"). In its Complaint, Trane alleges that SBW breached its contract with Trane, and that both SBW and EBS failed to make payments to Trane as required by N.J.S.A. 2A:30A-2. (*See generally*, Bell Decl. at Ex. D - Trane Compl.)

On August 31, 2007, after the Burlington Matter was filed, SBW initiated the instant lawsuit against EBS, asserting various claims based upon EBS's alleged failure to pay SBW for completed and approved work on the Tabernacle Projects. [Docket Entry No. 1]. While the Complaint was filed in August 2007, EBS and Defendant Liberty Mutual Insurance Company ("Liberty") were not served until December 2007. [Docket Entry No. 5]. On October 3, 2007, after the instant matter was filed but before process was served, EBS filed an Answer in the Burlington Matter along with cross-claims against SBW for indemnification from Trane's claims. (*See generally*, Bell Decl. at Ex. E - EBS Answer and Cross-Cl.)

After filing the aforementioned Answer and Cross-Claims in the Burlington Matter, on February 29, 2008, EBS filed an Answer and Counterclaim in the instant case. [Docket Entry No. 17]. In its Counterclaim, EBS alleges that SBW breached its contract with EBS by failing to perform in a timely and workmanlike manner, submitting fraudulent payment applications,

failing to pay its subcontractors, suppliers and employee benefits, and abandoning the project. (EBS Countercl. at ¶ 2).  On August 6, 2008, over five months after EBS filed its Answer and Counterclaim in this matter, EBS amended the Cross-Claims it filed in the Burlington Matter to add a nearly identical breach of contract claim to that filed here.  (*See generally*, Bell Decl. at Ex. F. - EBS Amended Answer and Cross-Cl.)

SBW never appeared in the Burlington Matter and on September 11, 2008, EBS defaulted SBW.  (SBW Opp. Br. at 3).  On December 9, 2008, a Final Judgment by Default was entered in the Burlington Matter on EBS's Cross-Claims.  (*See generally*, Bell Decl. at Ex. H).  According to the terms of the Final Judgment by Default, EBS was awarded $162,575.53 in damages against SBW and SBW was required to indemnify EBS against Trane.  (*Id.*)  SBW has not complied with that judgment.  (Bell Decl. at ¶ 3).

**B.     The Middlesex Matter**

On December 12, 2007, after the instant federal litigation was filed but before Defendants were served with process, Envirotherm Systems, Inc. ("Envirotherm") brought a lawsuit against SBW and EBS, as well as Liberty in New Jersey Superior Court, Middlesex County (the "Middlesex Matter").  (*See generally*, Bell Decl. at Ex. I - Envirotherm Compl.)  Like Trane, Envirotherm was a subcontractor of SBW on the Tabernacle Projects.  Envirotherm sued SBW and EBS for $22,443.51 based on their alleged default under the parties' contractual agreement. On February 19, 2008, EBS filed an Answer and Cross-Claims against SBW in the Middlesex Matter, with which it served SBW on March 4, 2008.  (*See* Bell Decl. at Ex. J - Answer and Cross-Cl.; Ex. J - Proof of Service).  The Cross-Claims EBS brought in the Middlesex

3

Matter are essentially the same as those asserted in the Burlington Matter and this case. (*See generally*, Bell Dec. at Ex. J. - Answer and Cross-Cl.)

As in the Burlington Matter, SBW never appeared in the Middlesex Matter, and on July 1, 2008, EBS defaulted SBW. (SBW Opp. Br. at 4). On October 15, 2008, a Final Default Judgment was entered in the Middlesex Matter on EBS's Cross-Claims. (*See generally*, Bell Decl. at Ex. L). According to the terms of the Final Default Judgment, EBS was awarded $165,057.48 in damages against SBW. (*Id.*) SBW has not complied with that judgment. (Bell Decl. at ¶ 4).

## II.  Argument

EBS argues that summary judgment is appropriate because there is no genuine issue of material fact regarding EBS's contention that the doctrine of *res judicata* bars SBW's claims in this case. In this regard, EBS claims that under New Jersey's state law of *res judicata*, the judgments entered in the Burlington and Middlesex Matters bar SBW's Complaint in this action because those matters involved substantially similar causes of action and issues as those involved here. Further, EBS argues that the fact that the Burlington and Middlesex Matters involved default judgments does not alter the analysis because, under New Jersey law, default judgments are sufficient to invoke the doctrine of *res judicata*. In addition, EBS contends that the principles of *res judicata* do not only apply to matters that have been litigated and determined by a judgment, but also apply to "'all relevant issues which could have been presented, but were not.'" (EBS Br. at 8 (quoting *Culver v. Ins. Co. of N. Am.*, 115 N.J. 451, 463 (1989))). EBS also argues that New Jersey's "entire controversy doctrine" works "hand in hand with the application of res judicata" because that doctrine "requires that all issues of a single dispute between the parties

4

must be determined in one action" and that "[f]ailure to state such claims or defenses continues [sic] a waiver." (EBS Br. at 9).

With respect to the similarity of the claims brought by SBW in this litigation and those raised by EBS in the Burlington and Middlesex Matters, EBS argues that it is clear that they deal with the same subject matter. Specifically, EBS argues that "[a]ll relate to the [Tabernacle] Project and the contractual relationship between EBS and SBW. In fact, EBS has asserted identical causes of action, identical theories of recovery, based on the identical material facts, and sought identical relief in all three lawsuits." (*Id*.) Further, EBS argues that because "'a defendant must assert all matters which will defeat a claim against him' . . . or they are forever waived[,]" not only are SBW's contract related claims barred by the final judgments entered "in EBS'[s] favor on its own breach of contract claim against SBW in the Burlington and Middlesex Suits[,]" but SBW's fraud and bad faith claims, which if asserted and prevailed upon in the state court matters would have defeated EBS's contract claims, are also barred. (*Id*. at 10 (quoting *Applestein v. United Bd. & Carton Corp.*, 35 N.J. 343, 356 (1961))).

EBS claims that "the doctrine of res judicata does not allow parties to simply ignore a lawsuit and then avoid the consequences by later filing its own litigation." (EBS Br. at 10). Indeed, EBS argues that "SBW's decision to stick its head in sand [sic] cannot be allowed to thwart reason, logic and judicial economy." (EBS Reply Br. at 5). Further, EBS argues that the fact that SBW may have filed its Complaint in this matter before EBS filed its Answer and Cross-Claims in the Burlington Matter and before the Middlesex Matter was initiated is of no moment because EBS was not served with process in this matter until late December 2007, by which time both the Burlington and Middlesex Matters were pending and EBS had asserted

cross-claims against SBW in the Burlington Matter. On this point, SBW contends that "[t]he bottom line . . . is that it is irrelevant which lawsuit was first filed or first served" because "[t]he inescapable fact is that EBS has obtained final default judgments against SBW, which are adjudications on the merits" and "[t]hose final judgments, which concern the exact same subject matter and claims at issue in this lawsuit, operate as res judicata barring SBW's continued prosecution of this matter." (*Id*. at 6).

SBW opposes EBS's motion for summary judgment arguing that neither the principles of *res judicata* nor the entire controversy doctrine bar the instant litigation against EBS. SBW argues that the principles of *res judicata* bar a litigant, who has been given an opportunity to pursue a matter in court, from seeking to relitigate the same issues in a subsequent litigation. Similarly, SBW claims that the entire controversy doctrine "requires a litigant to advance all its claims in one suit or be subsequently barred in a subsequent suit." (SBW Opp'n Br. at 6). SBW argues that the purpose of both doctrines is to conserve judicial resources, by not requiring courts to revisit issues already decided, and to promote fairness, by not forcing a litigant "back to the courthouse to reopen a case already finished." (*Id*.) SBW contends that "EBS's motion makes a cynical mockery of these principles" by relying on "the bizarre circumstances of a later filed cross claim" to claim that "a pending, undecided case against it should be dismissed and SBW should have no opportunity to seek redress against EBS." (*Id*.) Rather than promoting judicial economy and fairness, SBW argues that "EBS's theory would require a litigant such as SBW to have litigated in 3 courthouses." (*Id*.)

Specifically, SBW claims that the instant litigation is not barred by the principles of *res judicata* for the following reasons. First, SBW argues that *res judicata* "applies to a second

6

litigation between the parties[.]" (*Id*. at 7).  SBW asserts that it is "unaware of any decision that would give preclusive effect of a subsequent default to thwart a pending unresolved action between the parties[,] which is the issue faced here. (*Id*.)  Second, SBW claims that *res judicata* does not bar this lawsuit because there has not been "any decision on the merits in either the Burlington Trane or Middlesex Envirotherm matters." (*Id*.)  In this regard, SBW argues that it did not appear in either the Burlington or Middlesex Matter to contest any of the claims asserted against it, nor did it assert any claims against EBS in either matter.  Thus, SBW claims that "[n]o judge in either county heard or considered any aspect of SBW's complaint against EBS" and, as a result, *res judicata* does not bar same. (*Id*.)

Further, SBW argues that the entire controversy doctrine, which "requires a party to assert all claims it has against a party in a single forum[,]" does not bar the instant litigation. (*Id*. at 8). Indeed, SBW claims that EBS's argument that the "subsequent cross claim defaults against SBW entitle [EBS] to dismiss this case," turns the entire controversy doctrine on its head, requiring SBW to "litigate simultaneously its claim against EBS in this case, and thereafter in both the Burlington Trane and Middlesex Envirotherm cases." (*Id*.)  SBW also argues that even if it had "hacked its way through the procedural thicket of not opposing the [state court] complaint[s] but appear[ed] only in opposition to the cross claim, SBW would still have then had to assert its pending claim as a counterclaim to the EBS cross claim in both cases." (*Id*.)  SBW contends that if that had happened, then the "judges in each county, apprised of the already pending action in this court, would have sensibly and properly dismissed the cross claims without prejudice and sent everybody back to this court." (*Id*.)

### III. Discussion

#### A. Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only be a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that absent sufficient evidence favoring nonmoving party for jury verdict in its favor, no issue for trial exists). In determining whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

#### B. *Res Judicata* and the Entire Controversy Doctrine

The party asserting *res judicata* bears the burden of establishing that the affirmative defense (*see* FED.R.CIV.P. 8(c)) applies. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). As a result, EBS bears that burden here.[1] Further, under the Full Faith and Credit

---

[1] EBS argues that SBW failed to respond to its L.Civ.R. 56.1 statement of material facts and that as such, the Court should treat same as undisputed. The Court notes that EBS included a 22-paragraph "Statement of Undisputed Material Facts" in its opening brief. While EBS's "Statement of Undisputed Material Facts" did not reference L.Civ.R. 56.1 and was included in EBS's brief (as opposed to being "a document separate and apart from the legal brief[]") the Court finds that, under the circumstances of this case, EBS's statement, which was written in paragraph format and clearly titled "Statement of Undisputed Material Facts," satisfies the requirements of L.Civ.R. 56.1. *See* L.Civ.R. 56.1, Comment 2b. As such, for the purposes of this motion, the Court treats EBS's statement of material facts as undisputed.

statute, 28 U.S.C. § 1738, "a federal court is 'required to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *Coppolino v. Total Call Int'l, Inc.*, 588 F.Supp.2d 594, 599 (D.N.J. 2008) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)). As a result, in determining whether SBW's claims in this litigation are barred by the doctrine of *res judicata*, the Court looks to New Jersey state law, which is the law of the state that adjudicated the prior actions. *Id*.

Under New Jersey law

> [t]he doctrine of *res judicata* 'contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation.' Where the second action is no more than a repetition of the first, the first lawsuit stands as a barrier to the second. 'The rule precludes parties from relitigating substantially the same cause of action.'

*Culver*, 115 N.J. at 460 (internal citations omitted).

In order for the doctrine of *res judicata* to apply, at issue must be "substantially similar or identical causes of action and issues, parties, and relief sought." *Id*.

> To decide if two causes of action are the same the court must consider: (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first; and (4) whether the *material* facts alleged are the same.

*Id*. at 461-62 (internal citations omitted) (emphasis in original). Further *res judicata* will only bar a second suit where "there [has] be[en] a 'final judgment by a court or tribunal of competent

jurisdiction.'" *Id*. (quoting *Charlie Brown of Chatham v. Bd. of Adjustment*, 202 N.J. Super. 312, 327 (App. Div. 1985). In this regard, "a default judgment can support a claim of res judicata." *Wilson v. Reliance Ins. Co.*, 138 Fed. Appx. 457, 459 (3d Cir. 2005); *see Morris v. Jones*, 329 U.S. 545, 550-51, 67 S.Ct. 451, 91 L.Ed. 488 (1947).

Here, there is no question that the claims brought by SBW in this litigation and those raised by EBS in the cross-claims filed in the Burlington and Middlesex Matters involve substantially similar causes of action. In addition, despite SBW's suggestion to the contrary, there is no doubt that the default judgments obtained in the Burlington and Middlesex Matters qualify as final judgments that could support EBS's claim of *res judicata*. Nevertheless, the Court finds that *res judicata* should not bar the claims raised by SBW in this matter because EBS has not established that this litigation represents the type of "second action" that New Jersey's doctrine of *res judicata* and/or the entire controversy doctrine were meant to bar. *See Culver*, 115 N.J. at 460. In this regard, the Court notes that at the time SBW filed the instant litigation, EBS had not yet filed the cross-claims upon which default judgment was ultimately entered in the Burlington and Middlesex Matters. Indeed, Envirotherm had not even initiated the Middlesex Matter at the time SBW filed its Complaint here. Thus, SBW's Complaint in this action not only predated the cross-claims filed by EBS in both the Burlington and Middlesex Matters, but it also predated the entire Middlesex controversy. While EBS argues that "it is irrelevant which lawsuit was first filed or first served[,]" EBS does not cite to a single authority in support of that position. (EBS Reply Br. at 6). Further, EBS does not cite to any factually similar cases in which a court barred claims similar to those brought by SBW here. EBS's failure to do so is fatal to its motion for summary judgment.

**IV.    Conclusion**

For the reasons stated above, EBS's Motion for Summary Judgment is DENIED.  An appropriate Order follows.

Dated: September 14, 2009

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**
