NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SBW, INC., <br><br> Plaintiff, <br><br> v. <br><br> ERNEST BOCK & SONS, INC., et al., <br><br> Defendants. | Civil Action No. 07-4199 (MLC) <br><br> MEMORANDUM OPINION & REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

Pending before the Court is Defendants Ernest Bock & Sons, Inc. and Thomas E. Bock's (collectively, "EBS") motion for reconsideration of the Court's Memorandum Opinion and Order denying EBS's motion for summary judgment as well as Defendant Liberty Mutual Insurance Company's ("Liberty") objection to the Court's Report and Recommendation, which recommended that Liberty's motion for summary judgment be denied. The Court considers Liberty's objection, which was filed jointly with EBS's motion for reconsideration, as a request that the Court reconsider its Report and Recommendation. The Court heard oral argument on EBS and Liberty's (collectively, "Defendants") request for reconsideration on January 14, 2010. The Court has fully considered the arguments set forth at that hearing and in the parties' papers. For the reasons stated more fully below Defendants' request for reconsideration is GRANTED.

**I.      Standard for Reconsideration**

In the District of New Jersey, motions for reconsideration are governed by L.Civ.R. 7.1(i). According to L.Civ.R. 7.1(i), a party seeking reconsideration shall file "[a] brief setting

forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."

"Reconsideration is an extraordinary remedy, that is granted very sparingly[.]" *Brackett v. Ashcroft*, Civil Action No. 03-3988 (WJM), 2003 U.S. Dist LEXIS 21312, *5 (D.N.J. Oct. 7, 2003) (internal quotation marks and citation omitted). As such, there are only three grounds upon which relief may be granted. Namely, to succeed on a motion for reconsideration, the movant must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Importantly, reconsideration is not appropriate where a party essentially just raises its disagreement with the Court's initial decision. *See Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Thus, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it has already thought through - - rightly or wrongly.'" *Oritani Savings & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Further, L.Civ.R. 7.1 "does not contemplate a Court looking to matters which were not originally presented" (*Florham Park Chevron*, 680 F. Supp. at 162); instead, "the moving party is obligated to point out the controlling facts or dispositive case law that the Court necessarily overlooked in rendering its decision." *Ciba-Geigy Corp. v. Alza Corp.*, Civil Action No. 91-5286, 1993 U.S. Dist. LEXIS 3971, *4 (D.N.J. March 25, 1993).

**II.     Argument**

Here, Defendants argue that reconsideration should be granted because "[i]t would be a manifest injustice to force [Defendants] to continue litigation of matter [sic] which SBW should be legally barred from pursuing." (Defs.' Br. at 8). In support of their argument, Defendants rely on the following three cases: (1) *Heulitt v. West Michigan Plumbing and Heating, Inc.*, 271 N.J. Super. 112 (App. Div. 1994); (2) *Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464 (3d Cir. 1950); and (3) *Cowan v. Ernest Codelia, P.C.*, 149 F. Supp.2d 67 (S.D.N.Y.). Defendants contend that the aforementioned cases all establish that "a final adjudication in one action can serve as *res judicata* in another, without regard whether [sic] the action in which the judgment was rendered was instituted before or after the 'second' action[.]" (*Id*. at 4).

Consequently, Defendants claim that reconsideration is appropriate because the basis of the Court's denial of their motions for summary judgment was that Defendants, who provided no authority in support of the proposition that, for *res judicata* purposes, it is irrelevant which lawsuit was first filed or first served, failed to prove that the instant litigation represented the type of "second" action that New Jersey's doctrine of *res judicata* was meant to bar. Because Defendants have now cited to case law, which they claim supports the proposition that a final judgment may serve as *res judicata* in pending actions instituted prior to the action giving rise to the final judgment, they argue that reconsideration should be granted as it would be manifestly unjust for Defendants to be forced to litigate this case. Defendants claim that this is particularly true because the Court already determined that (1) the claims brought by SBW in this matter are substantially similar to those later raised by EBS in the cross-claims filed in New Jersey Superior Court in Burlington County and Middlesex County and (2) the default judgments obtained by

EBS in the Burlington County and Middlesex County matters qualify as final judgments that can support a claim of *res judicata*. Consequently, Defendants contend that the Court should reconsider its Memorandum Opinion and Order denying summary judgment and should grant same in their favor.

SBW, Inc. ("SBW") opposes Defendants' motion for reconsideration. First, SBW notes that in their motion for reconsideration, Defendants rely "on several case citations not originally submitted as part of its brief and reply brief in support of its failed motion." (SBW Opp'n Br. at 2). SBW also points out that Defendants do not explain "how or why these citations were not reasonably available to it when the motion was first heard." (*Id*.) As such, SBW argues that reconsideration is not appropriate.

Second, SBW argues that the newly cited cases relied upon by Defendants in their motion for reconsideration "add nothing to the argument." (*Id*.) SBW distinguishes *Heulitt* arguing that it is inapposite because there the Defendant had participated in the subsequent litigation: "'[b]y entering a general appearance, plaintiff has submitted to the jurisdiction of the Michigan court[,]'" where as here SBW never entered an appearance or otherwise participated in the New Jersey state-court matters. (*Id*. (quoting *Heulitt*, 271 N.J. Super. at 115)). Similarly, SBW argues that the *Cowan* decision is irrelevant because "[i]n nondispositive dictum, the Court opined that res judicata would have been a bar but not because the defendant had waived the defense." (*Id*. at 2-3). SBW claims that if Defendants' position is accepted, then New Jersey's entire controversy doctrine would be transformed into "the multiple controversy doctrine, requiring SBW to have asserted its pending federal complaint as an answer and counter claim to EBS's crossclaim." (*Id*. at 3). Contending that the newly cited cases presented by Defendants in their

4

motion for reconsideration do nothing to change the Court's initial analysis and because "[t]he two state court defaulted crossclaims were not adjudications on the merits[,]" SBW argues that the Court's "decision to deny summary judgment should remain undisturbed." (*Id.*)

### III.     Analysis

As an initial matter, the Court notes that because the three cases upon which Defendants now rely in arguing that reconsideration should be granted and summary judgment should be entered in their favor were not cited in their summary judgment briefs, none of them (neither *Heulitt*, *Williamson* or *Cowan*) can be said to have been "overlooked" by the Court within the meaning of L.Civ.R. 7.1(i).  *See Feit v. Great-West Life and Annuity Ins. Co.*, 460 F.Supp.2d 632, 644 (D.N.J. 2006) (holding that cases not cited in initial letter brief were not "overlooked"); *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.*, 931 F.Supp. 328, 339 (D.N.J. 1996) (Local Rule permitting reconsideration "invites counsel to draw the court's attention to decisions which may have been overlooked by the court, not those which were overlooked by counsel.")  Nevertheless, given Defendants' argument that it would be manifestly unjust for them to be forced to litigate this matter since case law establishes that "a final adjudication in one action can serve as *res judicata* in another, without regard [to] whether the action in which the judgment was rendered was instituted before or after the 'second' action" (Defs.' Br. at 4), as well as the Court's concern that if Defendants' interpretation of the newly cited cases is accurate, then it might be necessary for the Court to reconsider its initial decision to correct a clear error of law, the Court shall consider Defendants' request for reconsideration.[1]

---

[1]The Court notes that while it considers Defendants' arguments concerning the newly cited cases, it would have been better practice for Defendants' to have included same in their initial sets of moving and reply papers.  *See DirectTV, Inc. v. Dougherty*, Civil Action No. 02-

With respect to the decisions rendered in *Heulitt*, *Williamson*, and *Cowan*, the Court finds that they support Defendants' argument.  Indeed, the three cases make clear that a final adjudication in one action can serve as *res judicata* in another, without regard to whether the action in which the final adjudication occurred was instituted before or after the other action:

> It is well established that where the same cause of action is pursued in different courts, the first judgment rendered is *res judicata* of the matter, irrespective of the order in which the cases were commenced, and becomes a bar in the second suit. . . . Thus when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action (assuming any further prerequisites are met), regardless of which action was first brought.

*Heulitt*, 271 N.J. Super. at 115-16.

> Does it matter for purposes of application of res judicata that the No. 2 action, later begun, was finished first?  The answer to this question is no.  The point is so well settled on authority that it is not a serious matter of contention in this case.

*Williamson*, 186 F.2d at 466.

> The plaintiffs next argue that the Court should not consider the defense of res judicata because the State Court Action was filed subsequent to the federal action and was thus not a prior action.  This argument is without merit.  For purposes of res judicata, 'the effective date of a final judgment is the date of its rendition, without regard to the date of commencement of the action in which it is rendered or the action in which it is to be given effect.' . . .

---

5576 (FLW), 2003 U.S. Dist. LEXIS 23654, *7, n.1 (D.N.J. Oct. 8, 2003) (considering motion for reconsideration but noting that motions for reconsideration are not ordinarily opportunity to argue what could have been but was not argued in original set of moving papers and stating that "Plaintiff's argument would have been better placed in its initial set of moving papers.")  Defendants acknowledge same in their supplemental letter brief submitted on December 18, 2009 in which they state "[c]ertainly, in retrospect, EBS would have cited the *Heulitt* . . . *Williamson* . . . and *Cowan* . . . decisions in its initial and/or reply briefs supporting its motion for summary judgment."  (EBS Supp. Reply Br. at 1-2).

> Thus, all that is required for the operation of res judicata is that final judgment in an action precede judgment in the pending action. In this case, the judgment in the State Court Action became final on September 1, 2000, and the fact that Ms. Cowan filed the State Court Action subsequent to the plaintiffs' filing of the federal action does not prevent the judgment in the State Court Action from having res judicata effect.

*Cowan*, 149 F.Supp.2d at 74-75 (quoting *Restatement (Second) of Judgments § 14*) (citations omitted)).

Further, while the Court acknowledges SBW's argument that the *Heulitt* and *Cowan* cases are distinguishable, the Court finds the differences identified by SBW to be distinctions that make no legal difference. For example, the fact that the *res judicata* analysis relied upon by Defendants in *Cowan* can be characterized as "nondispositive dictum" (SBW's Opp'n Br. at 2) because the plaintiffs in that matter ultimately successfully argued that the defendants had waived their *res judicata* defense (*Cowan*, 149 F.Supp.2d at 75) is of no moment because the legal principle that "when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action (assuming any further prerequisites are met), regardless of which action was first brought" remains sound. *Heulitt*, 271 N.J. Super. at 116); *see Williamson*, 186 F.2d at 46 (holding that, for *res judicata* purposes, it does not matter that second action, which began later than pending action, finished first). Similarly, the fact that in *Heulitt* the plaintiff made a general appearance in the second action and thus "submitted to the jurisdiction of th[at] . . . court" (271 N.J. Super. at 115), whereas SBW never appeared in the New Jersey state-court matters and the judgments entered against it in same were default judgments, does not invalidate

the conclusion that the final judgments by default entered in the New Jersey state-court matters operate as *res judicata* here.

SBW argues that "[t]he two state court defaulted crossclaims were not adjudications on the merits" (SBW's Opp'n Br. at 3); however that argument has no merit. Instead, "[i]t has long been determined that a default judgment is a final judgment with *res judicata* effect." *Schuldiner v. Kmart Corp.*, 284 Fed. Appx. 918, 921 (3d Cir. 2008) (citing *Riehle v. Margolies*, 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669 (1929). Indeed, "[t]he rule in New Jersey is that a default judgment is a valid and final adjudication on the merits and therefore has res judicata effect barring future litigation." *Tagayun v. Citibank, N.A.*, Civil Action No. 05-4302 (WJM), 2006 WL 5100512, at *4 (D.N.J. June 9, 2006). Further, "New Jersey courts regularly apply *res judicata* to default judgments where a defendant failed to answer." *Turner-Adeniji v. Acountants On Call*, 892 F.Supp. 645, 646 (D.N.J. 1995) (citing *In re Crispino*, 160 B.R. 749, 752-55 (D.N.J. 1993)(citing *Phillips v. Phillips*, 118 N.J. Eq. 189, 192 (Ch. Div. 1935), *rev'd on other grounds*, 119 N.J. Eq. 462 (E. & A. 1936), *aff'd in part*, 119 N.J.Eq. 497 (E. & A. 1936); *Evangel Baptist Church v. Chambers*, 96 N.J. Super. 367, 370-71 (Ch. Div. 1967); *Girard Trust Co. v. McGeorge*, 128 N.J. Eq. 91, 101 (Ch. Div. 1940)). Thus, as this Court initially determined in its Memorandum Opinion denying EBS's motion for summary judgment, "'a default judgment can support a claim of res judicata[;]'" as such "there is no doubt that the default judgments obtained in the Burlington and Middlesex Matters qualify as final judgments that could support EBS's claim of *res judicata*." (9/14/09 Mem. Op. at 10 (quoting *Wilson v. Reliance Ins. Co.*, 138 Fed. Appx. 457, 459 (3d Cir. 2005) and (citing *Morris v. Jones*, 329 U.S. 545, 550-51, 67 S.Ct. 451, 91 L.Ed. 488 (1947))).

Under these circumstances, the Court is convinced that it erred when it denied Defendants' motions for summary judgment. As such the Court finds that it would be manifestly unjust to require Defendants to continue to defend this action when it is now clear to the Court that under relevant case law this litigation should be barred by the principle of *res judicata*. In its initial Memorandum Opinion denying EBS's motion for summary judgment, the Court determined that "the claims brought by SBW in this litigation and those raised by EBS in the cross-claims filed in the Burlington and Middlesex Matters involve substantially similar causes of action" and that "the default judgments obtained in the Burlington and Middlesex Matters qualify as final judgments that could support EBS's claim of *res judicata*." (*Id*. at 10). The only reason the Court denied EBS's motion for summary judgment was because "EBS ha[d] not established that this litigation represents the type of 'second action' that New Jersey's doctrine of *res judicata* and/or the entire controversy doctrine were meant to bar." (*Id*.) Specifically, the Court took issue with EBS's failure to cite to a single authority in support of the position that for *res judicata* purposes, "'it is irrelevant which lawsuit was first filed or first served[.]'" (*Id*. (quoting EBS Reply Br. at 6)). Defendants have now provided the Court with ample authority to support that position. As such, there is no longer any basis to deny Defendants' claim to *res judicata*.

Consequently, the Court shall reconsider its earlier denial of Defendants' motions for summary judgment and grant/recommend that same be granted. The Court appreciates that in coming to this conclusion, it has in effect decided that in order to have avoided the preclusive effects of *res judicata*, SBW would have had to either reasserted the claims raised in its pending federal complaint as part of an answer and crossclaim to EBS's crossclaims in the New Jersey

state-court matters or filed a motion in the state-court proceedings seeking to enjoin EBS from pursuing its crossclaims or otherwise seeking to stay the adjudication of same. Proceeding in such a fashion may have been inconvenient for SBW, but it would not have been impossible.[2]

## IV.     Conclusion

For the reasons set forth above, Defendants' motion for reconsideration [Docket Entry No. 62] is GRANTED and EBS's motion for summary judgment [Docket Entry No. 47] is GRANTED. For the same reasons, the Court hereby recommends that Liberty's motion for summary judgment [Docket Entry No. 56] be GRANTED. An appropriate Order and Report and Recommendation follows.

Dated: March 1, 2010

               s/Tonianne J. Bongiovanni
               **HONORABLE TONIANNE J. BONGIOVANNI**
               **UNITED STATES MAGISTRATE JUDGE**

---

[2] For example, the Court notes that the New Jersey Practice Series provides a sample form delineating how a litigant can file an answer to a crossclaim with a crossclaim against the crossclaiming defendant. *See* 3B NJPRAC § 24:5